741 So.2d 1246 (1999)
Gregory THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02761.
District Court of Appeal of Florida, Second District.
October 6, 1999.
Edward T. Wright, Belleair Bluffs, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John T. Salgado, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Gregory Thomas challenges his sentence as a "prison releasee reoffender" imposed following his convictions for burglary and attempted burglary. Because we conclude that Thomas had not been released from a state correctional facility at the time he committed the offenses for which he was sentenced, we reverse.
Thomas was confined in the St. Petersburg Community Correctional Center, a state correctional facility. On September 27, 1997, he was charged with escape when he walked away from his work release employment and did not return to St. Petersburg Community Correctional Center. Thomas was charged with burglary and attempted burglary committed two days later. He was convicted of burglary of a dwelling, attempted burglary of a dwelling and escape. The trial court sentenced Thomas as a prison releasee reoffender for the burglary and attempted burglary.
Thomas was sentenced pursuant to section 775.082(8)(a), Florida Statutes (1997). This statute provides that a defendant who commits or attempts to commit certain enumerated offenses, including burglary of a dwelling, within three years of being released from a state correctional facility, is a "prison releasee reoffender." The statute in question does not define "released." Thomas contends he cannot be an escapee and a releasee at the same time. The State contends that when Thomas walked away from his work release, he accomplished "self-release" and was thus properly sentenced as a prison releasee reoffender.
Where, as here, the language of the statute is susceptible of differing constructions, section 775.021(1) requires that we adopt the construction most favorable to the defendant. We reject the argument that the statute was intended to include "self-release" within the definition of release. Our reading of the statute convinces us that it contemplates a release initiated by the State.
*1247 Accordingly, we reverse the imposition of the prison releasee reoffender portion of Thomas' sentences and remand for deletion of that portion of the sentences. The sentences are otherwise affirmed.
PATTERSON, C.J., Concurs.
GREEN, J., Dissents with opinion.
GREEN, Judge, dissenting.
I respectfully dissent because the legislature has defined the status of a prisoner being afforded the privilege of work release as a released inmate.[1] Section 947.175(2), Florida Statutes (1997), provides: "The department shall, at least 10 days before the anticipated date of release on work release of an inmate, notify the county law enforcement agency in the county in this state in which the inmate is scheduled to be released."
The majority is correct in holding that an inmate does not create his/her own release by escaping from work release. However, the work release statute and the prison releasee reoffender statute are not inconsistent because the legislature has provided that the willful failure of an inmate to remain within the extended limits of his/her confinement or to return within the prescribed time to the place of confinement is "an escape from the custody of the department...." § 945.091(4), Fla. Stat. (1997). See also § 775.082(8)(a), Fla. Stat. (1997).
In summation, I would affirm the trial judge's designation of Thomas as a prison releasee reoffender and therefore subject to the releasee-reoffender sanction provided by section 775.082(8)(a), Florida Statutes (1997).
NOTES
[1] Section 945.091, Florida Statutes (1997), is predicated upon the Department of Corrections' belief that an inmate "will honor his or her trust" upon being placed on work release.