STRINGER, Judge.
Lawrence Graff challenges his prisoner releasee reoffender sentence for strong-arm robbery and aggravated battery. We reverse because Graff was not “released” from a state correctional facility at the time he committed his offenses.
On November 6, 1998, Graff was confined at the Tampa Work Release Center, a state correctional facility. On December 4, 1998, Graff escaped from the facility and while at large, committed the offenses in this case. Graff' was later captured and charged with strong-arm robbery and aggravated battery. Graff pleaded guilty to the offenses, and the trial court sentenced him as a prison releasee reoffender. Graff argues that since he escaped from his confinement, he could not be considered released for purposes of sentencing under section 775.082(8)(a), Florida Statutes (1997). We agree.
This issue has already been decided by this court in Thomas v. State, 741 So.2d 1246 (Fla. 2d DCA 1999). In Thomas, the defendant escaped from the St. Petersburg Community Correctional Center. Id. at 1246. While at large, Thomas committed a burglary and an attempted burglary. Thomas was convicted of burglary of a dwelling, attempted burglary of a dwelling, and escape. The trial court sentenced him as a prison releasee reoffender. Id:
We reversed Thomas’ sentence and concluded that since Thomas escaped from the state correctional facility, he could not be considered “released” from a state correctional facility for the purpose of sentencing under section 775.082(8)(a). Id. at 1246-47. We rejected the State’s argument that the statute encompassed situations in which the prisoner, in effect, causes a “self-release” by escaping confinement. Id. at 1246. Instead, we concluded that, by the term “released,” the statute contemplated a release initiated by the State and not a “self-release” due to the prisoner’s escape. Id. We note that the trial court did not have the benefit of Thomas at the time it imposed the sentence in this case.
In accordance with Thomas, we reverse the imposition of Graffs prison releasee reoffender sentence and remand for deletion of that portion of his sentence.[1]
Reversed and remanded for resentenc-ing.
PATTERSON, C.J., and FULMER, J., concur.

. We note that the legislature, in 1999, added section 775.082(9)(a)(2), Florida Statutes (1999), to address the situation presented in this case by including in the definition of a "prison releasee reoffender’’ persons who commit one of the enumerated offenses while serving a prison sentence or on escape status from a state correctional facility. Ch. 99-188, § 2, at 1041, Laws of Fla. However, this statutory provision is not applicable in this case because it became effective after the date Graff committed his offenses.