844 So.2d 679 (2003)
Terry McINTYRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3336.
District Court of Appeal of Florida, Fourth District.
April 16, 2003.
Terry McIntyre, Jasper, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals the summary denial of his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and the order denying his motion for rehearing. We reverse and remand.
After entering a nolo contendere plea, appellant was sentenced to ten years as a habitual offender on two counts and to five years on three possession of cocaine counts, all concurrently. His first ground for relief was that he lacked the sequential predicate convictions to support his sentencing as a habitualization felony offender, a legally sufficient ground for relief under rule 3.850. See Prince v. State, 684 So.2d 850 (Fla. 2d DCA 1996). The trial court's denial was based on the state's response which, rather than attaching portions *680 of the record in the case, attached a print-out from the State of Florida Department of Corrections' Corrections Offender Network, purporting to demonstrate, from appellant's history of incarceration, that he had the requisite prior convictions.
Such a print-out does not constitute a portion of the files and record in this case so as to satisfy the requirements of rule 3.850(d) ("If the motion, files and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing") (emphasis added). See generally King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991).
Appellant's second ground was that the state failed to present a guideline scoresheet for the possession of cocaine offenses which were not subject to habitual sentencing, and that only one scoresheet was prepared, consolidating three cases into one for habitualization. The state has conceded that this was not refuted by the state's response, but argues it was harmless. We disagree.
Accordingly, we reverse and remand as to both grounds for relief, either for an evidentiary hearing or the attachment of portions of the record that conclusively refute them.
We agree with the state that if appellant did not previously contest his qualification for sentencing as a habitual offender, the state should be given the opportunity to attempt to so qualify him. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001).
Reversed.
KLEIN, SHAHOOD and GROSS, JJ., concur.