FULMER, Judge.
Lawrence Graff challenges the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Graff pleaded guilty to strong armed robbery and aggravated battery and pleaded no contest to escape. He was sentenced to fifteen years as a habitual felony offender (HFO) and a prison releasee reoffender (PRR) for the strong armed robbery, the aggravated battery, and the escape, all to run concurrently. On June 13, 2001, pursuant to a mandate from this court, the trial court issued an amended sentence, deleting the PRR portion of Graffs sentence. See Graff v. State, 785 So.2d 649 (Fla. 2d DCA2001).
In his motion, Graff claimed that his plea was not voluntary due to ineffective assistance of counsel. He claimed that his attorney led him to believe that he could receive drug treatment in lieu of a prison sentence, even though his attorney knew, or should have known, that the State intended to pursue a PRR or HFO sentence or both. Graff claimed that he thought the judge had discretion to sentence him to less than the HFO or PRR sentence if there were mitigating circumstances. If Graffs allegations are true, he was misad-vised by his attorney because the court did not have discretion to impose anything less than the fifteen-year minimum mandatory under the PRR statute. See State v. Cotton, 769 So.2d 345 (Fla.2000).
The trial court seemed to misunderstand Graffs claim. In its order, it focused upon whether or not Graff was aware that he could be sentenced to fifteen years in prison. The trial court quoted at length from the plea colloquy. Graffs attorney indicated to the court that he reviewed possible penalties with Graff, including the fact that he qualified for PRR, HVFO, or HFO, and Graff indicated to the court that he' understood. The court then stated, “There is no guarantee as to how you would be sentenced. The only guarantee is it would be no more than fifteen years.” Graff responded, ‘Tes, ma’am.” However, Graff did not claim that he did not know what *584 the possible maximum sentence could be. He claimed that his attorney led him to believe that he could present mitigating evidence to the court and receive drug treatment in lieu of prison. The record excerpts quoted by the trial court do not refute Graffs claim. Accordingly, we reverse and remand for an evidentiary hearing.
Reversed and remanded.
DAVIS and KELLY, JJ., Concur.