851 So.2d 815 (2003)
Michael BRINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3361.
District Court of Appeal of Florida, Second District.
July 30, 2003.
PER CURIAM.
Michael Brinson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, he raised five grounds of ineffective assistance of counsel. We affirm without discussion on four grounds, but we reverse and remand on the remaining ground.
Although Brinson framed his rule 3.850 motion as an ineffective assistance of counsel claim, he more properly alleges an illegal sentence, which is also cognizable pursuant to rule 3.850 and which we must *816 correct if his allegations are sufficient. See Summers v. State, 747 So.2d 987, 989 (Fla. 5th DCA 1999). The trial court denied Brinson's motion, finding that the record conclusively refuted Brinson's rule 3.850 allegations. However, because that conclusion was based on an invalid interpretation of the statutory term "release," see § 775.082(8)(a)(1), Fla. Stat. (1997), we reverse and remand for further proceedings.
On October 13, 1998, a jury convicted Brinson of robbery. The trial court sentenced him as a prison releasee reoffender (PRR) and a habitual felony offender (HFO) to thirty years in prison with the last ten years to be suspended and served on probation. He received a minimum mandatory sentence of fifteen years as a PRR.
In his motion, Brinson claimed that he did not qualify as a PRR because he did not commit his new offense within three years of being "released from a state correctional facility." See § 775.082(8)(a)(1). He maintains he was originally released from prison on control release on August 9, 1994, and committed the robbery offense on October 21, 1997. The trial court denied the motion, finding that even if Brinson was correct as to the date of his initial release, he had been taken back into custody for an alleged violation of the terms of his conditional release in January 1995 and was last released on March 23, 1995, according to a Department of Corrections document. The trial court attached this document to the order denying Brinson's motion.[1]
In his rule 3.850 motion, Brinson contends that the word "release" in section 775.082(8)(a)(1) means actual release from a state prison sentence, not release from temporary confinement that happens to be in state prison. Cf. Girtman v. State, 617 So.2d 1168 (Fla. 5th DCA 1993) (holding that temporary custodial detention pending resolution by the Parole Commission of parole violation charge did not constitute "release from ... other commitment," as used in habitual offender statute). Although the trial court read the word "release" to mean the last time Brinson was physically released from a state correctional facility, the Girtman analysis provides support for Brinson's argument that the word "release" can be defined to mean only actual release from a state prison sentence. Where the language of a statute is susceptible of differing constructions, the language must be construed most favorably to the defendant. See § 775.021(1); Thomas v. State, 741 So.2d 1246 (Fla. 2d DCA 1999). In construing the statutory language here favorably to Brinson, the word "release" means actual release from a state prison sentence, not release from a temporary confinement that happens to be in state prison.
Accordingly, Brinson was not released from a prison sentence on March 23, 1995; he was released from temporary detention on that date while awaiting action of the Parole Commission. His actual release from a state prison sentence occurred on the date of his original release to control release status, which from the allegations and documentation presented would appear to be August 9, 1994. Because August 9, 1994, was more than three years before Brinson's October 21, 1997, robbery offense date, it would appear that *817 Brinson does not qualify for PRR sentencing.
Because the record does not refute Brinson's rule 3.850 allegations, the trial court erred in summarily denying his claim for relief. Accordingly, we reverse and remand for further proceedings. If, on remand, Brinson's allegations regarding the date of his release and the nature of that release are substantiated, his PRR sanction is illegal and the trial court must delete the PRR designation and the minimum mandatory PRR term from Brinson's robbery sentence. See Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). If, however, Brinson's allegations as to his release date and the nature of that release are not substantiated, the trial court should enter an appropriate order consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
DAVIS, KELLY, and WALLACE, JJ., Concur.
NOTES
[1] The trial court also attached a copy of a page from the Department of Corrections' web site showing the dates during which Brinson was in the custody of the Department. This was not a part of the record and is not evidence that would support the trial court's findings. However, the dates cited in the attachment do show that Brinson was released on August 9, 1994, and was taken back into custody in January 1995.