915 So.2d 1270 (2005)
Timothy WENCEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-851.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
*1271 Timothy Wencel, Raiford, pro se.
No appearance required for appellee.
PER CURIAM.
Timothy Wencel appeals the denial of his motion to correct illegal sentence. Fla. R.Crim. P. 3.800(a). Wencel was sentenced as a prison releasee reoffender (PRR) to life in prison for the offense of armed burglary. In his motion, Wencel argued that he was improperly designated a PRR because he was not released from incarceration within the three years prior to the burglary offense. § 775.082(9)(a), Fla. Stat. (1998).
Wencel was sentenced to prison for a prior conviction in 1993 but was released into a control release program in May 1994. In January 1996, Wencel was arrested for allegedly violating the conditions of his control release. After a hearing, the parole commission determined that Wencel violated the conditions of his control release, but decided not to revoke Wencel's supervision. Instead, the commission released Wencel from custody and discharged him from supervision on March 12, 1996. The trial court used the date Wencel was discharged from control release in calculating whether Wencel fell within the time frame for PRR sentencing.
Wencel's motion argued that his temporary confinement, while revocation of control release supervision was considered, was not the equivalent of "releas[e] from a state correctional facility ... following incarceration" as these terms are used in the PRR statute. Brinson v. State, 851 So.2d 815 (Fla. 2d DCA 2003) (applying the rule of lenity and concluding that "release" as used in the PRR statute means actual release from a state prison sentence, not release from temporary confinement that happens to be in a state prison).
Wencel supported his claim by filing a copy of the parole commission's order which showed that his control release was not revoked. The trial court denied the motion, holding that Wencel could not raise this claim in a 3.800(a) motion because the illegality of the sentence was not discernable from the face of the record that was before the court at sentencing. The court held that an evidentiary hearing would be necessary before this extra-record evidence could be considered. Wencel argues that the court should have taken judicial notice of the parole commission's order. We agree and remand for further proceedings.
The trial court believed it could not take judicial notice of the order of the parole commission. The authenticity of the order, which bore the seal of the State of Florida, was not challenged by anyone in these proceedings.
The trial court was not limited strictly to the record before the court "at sentencing" when addressing this 3.800(a) claim. See, e.g., Nelson v. State, 760 So.2d 240 (Fla. 4th DCA 2000) (holding that in a rule 3.800(a) claim, when considering movant's request for additional jail credit, the trial court should examine not only the court file, but jail records). In this situation, the *1272 order of the parole commission was sufficient record evidence to support a motion to correct illegal sentence.
The trial court can take judicial notice of the official actions of the legislative, executive, and judicial branches of government. § 90.202(5), Fla. Stat. (2005). The order of the parole commission in this case is an official action by an administrative arm of the executive branch. The trial court's conclusion that no authority existed for taking judicial notice of the parole commission's order was mistaken. See also Dykes v. Quincy Tel. Co., 539 So.2d 503 (Fla. 1st DCA 1989) (suggesting that court could take judicial notice of orders of administrative agencies).
The parole commission's order does not contain inadmissible hearsay, and the legality of the PRR sentence in this situation could be determined as a matter of law without an evidentiary determination. See Burgess v. State, 831 So.2d 137, 140 (Fla.2002) (explaining that court in a 3.800(a) proceeding can take judicial notice of court records and administrative jail records but not inadmissible hearsay such as police reports). The trial court should have taken judicial notice of the parole commission's order and addressed the merits of Wencel's motion. Accordingly, we reverse and remand for further proceedings.
STEVENSON, C.J., POLEN and FARMER, JJ., concur.