PER CURIAM.
Shaunte Collins appeals the trial court’s order denying his motion to correct an illegal sentence Sled pursuant to Florida Rule of Criminal Procedure 3.800(a). Collins’ motion includes claims that incorrect calculations were made on his scoresheet. We reverse and remand for further review of two of Collins’ three claims, which we find to be legally sufficient. Wencel v. State, 915 So.2d 1270 (Fla. 4th DCA 2005).
In his first point, Collins challenges the “prior record” points associated with one of two third degree felonies. In his third point, he challenges his “legal status” points and provides supporting dates associated with a Department of Juvenile Justice commitment and related aftercare. See generally Toro v. State, 719 So.2d 947 (Fla. 4th DCA 1998).
We reverse the order and remand for the trial court to review those claims on the merits. See State v. Anderson, 905 So.2d 111 (Fla.2005) (determining that the “would-have-been-imposed” standard is correct in considering a rule 3.850 motion for determining whether a scoresheet error requires resentencing but suggesting that a “could-have-been-imposed” standard would apply to a rule 3.800(a) motion).
TAYLOR and MAY, JJ., concur.
GROSS, J., dissents with opinion.