944 So.2d 426 (2006)
Derrick GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3342.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
Rehearing Denied January 16, 2007.
Derrick Gibson, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Derrick Gibson appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He was sentenced as a prison releasee reoffender (PRR) to fifteen years in prison for robbery. In this motion to correct illegal sentence, he argued that he did not qualify as a PRR because he did not commit the robbery within three years of being "released from a state correctional facility" as provided in the PRR statute. See § 775.082(9)(a)1, Fla. Stat. He argued in his motion that he was released from the prison term of his last conviction, and placed on control release in August 1990, but that the trial court erroneously based PRR sentencing in this case on his release from temporary detention in 1997. That temporary detention was for a charge of violation of control release. He did not state the outcome of that charge.
Gibson argued in his motion that the trial court erred in finding his release from temporary detention was a valid release date for purposes of PRR sentencing. The trial court summarily denied this motion based on the state's response, which attached a copy of a statement from the chief of the Bureau of Central Records, Department of Corrections, simply stating that Gibson's last release date for a 1989 and 1990 case was December 31, 1997. However, neither this document, nor the state's response, addressed Gibson's claim that the release on that date was a temporary release date.
We find that the law supports Gibson's challenge. See Wencel v. State, 915 So.2d 1270 (Fla. 4th DCA 2005); Brinson v. State, 851 So.2d 815 (Fla. 2d DCA 2003). We also hold that the records of the Department of Corrections and Parole Release Commission should be considered part of the record and that the trial court should review such records in ruling on this motion on remand. Wencel, 915 So.2d at 1271-72; Phillips v. State, 839 So.2d 893 (Fla. 4th DCA 2003); Nelson v. State, 760 So.2d 240 (Fla. 4th DCA 2000).
Reversed and Remanded.
STONE, POLEN and HAZOURI, JJ., concur.