951 So.2d 78 (2007)
Clarence BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5891.
District Court of Appeal of Florida, First District.
March 13, 2007.
Nancy A. Daniels, Public Defender, and M. Gene Stephens, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant, Clarence Baker, appeals a final judgment following a jury trial in which he was convicted of sale, manufacture, delivery or possession of cocaine with the intent to sell, manufacture or deliver cocaine within 1,000 feet of a convenience business. Because we find that the business in question did not meet the statutory definition of a convenience business, we reverse.
Section 893.13, Florida Statutes (2005), defines the offense in question and states:
(1)(e) Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess *79 with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business as defined in s. 812.171.
Section 812.171, Florida Statutes (2005), defines a convenience business as follows:
As used in this act, the term "convenience business" means any place of business that is primarily engaged in the retail sale of groceries, or both groceries and gasoline, and that is open for business at any time between the hours of 11 p.m. and 5 a.m.[1]
(Emphasis added).
Appellant asserts that the store could not be considered a convenience business because testimony established that the store's regular hours of operation were from 7:00 a.m. to 10:00 p.m., and it only "sometimes" operated after 11:00 p.m. At trial, the owner of the business in question testified that his store opens at 7:00 a.m., closes at 10:00 p.m., and is sometimes open past 11:00 p.m. The record is totally devoid of evidence concerning how many times within any one period this business was actually opened during the designated hours. As such, our review of this issue turns on whether a business that is only "sometimes" open after 11:00 p.m. can be considered a convenience business pursuant to section 812.171, Florida Statutes.
"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). The instant statute, however, is ambiguous. In the instant case, the phrase "at any time" may be read in two conflicting ways. First, the phrase may be read to mean that a store having regular business hours, at any time between 11:00 p.m. and 5:00 a.m., constitutes a convenience business. Second, the phrase may be interpreted as meaning a store that has at any time been open between 11:00 p.m. and 5:00 a.m. constitutes a convenience business under the terms of the statute. The first reading of the statute is far more logical than the second. In determining legislative intent, "[t]he judiciary must use a degree of common sense. . . ." Doe v. Dep't of Health, 948 So.2d 803, 809 (Fla. 2d DCA 2006). This concept weighs in favor of appellant.[2] Furthermore, according to the Rule of Lenity, where a statute is susceptible to differing constructions, we adopt the construction most favorable to an accused. § 775.021(1), Fla. Stat. (2005); see also *80 Thomas v. State, 741 So.2d 1246, 1246 (Fla. 2d DCA 1999). In the instant case, based on the statutory language "open for business at anytime between the hours of 11:00 p.m. and 5:00 a.m.," the Rule of Lenity requires this court to find that, in order for a store to fall within the definition of a "convenience business," it must be operating at any time during the proscribed hours on at least some semi-regular basis and not just "sometimes." The evidence presented by the State in this particular case fails to meet any reasonable interpretation of the statutory requirements.[3]
We, therefore, reverse appellant's conviction and remand for the entry of a conviction for the lesser included offense of sale, manufacture, delivery or possession with the intent to sell, manufacture or deliver cocaine and for resentencing pursuant to appellant's corrected conviction.
REVERSED.
VAN NORTWICK and LEWIS, JJ., concur.
NOTES
[1] Section 812.171, Florida Statutes (2005), also contains exclusions not applicable to the issue discussed herein.
[2] In 1990, the Legislature adopted the "Convenience Store Security Act" to provide security requirements in target areas for the protection of store employees and the consumer public from robbery and injury. Ch. 90-346, Laws of Fla. The Act defines "convenience store" as any place of business engaged in the retail sale of groceries that is regularly open for business at any time between the hours of 10:00 p.m. and 5:00 a.m. and that is attended during those hours by one employee. Id. The statute was later amended to change the times to 11:00 p.m. and 5:00 a.m. and to change the word "store" to "business." See Chs. 90-346 and 92-103, Laws of Fla.

The same law removed the word "regularly" from the language of the statute. See Ch. 92-103, Laws of Fla. However, an examination of the Senate and House Committee Notes does not reveal the reason for the removal of the word "regularly." Thus, we find this change to be unpersuasive in our analysis.
[3] The owner's testimony that he "sometimes" operates his business during the proscribed hours is insufficient to aggravate the severity of the charged crime in light of the Rule of Lenity. We do not address whether this store falls within the statutory definition of a convenience business for any other purpose, including the security requirements for convenience businesses under the "Convenience Store Security Act."