965 So.2d 1241 (2007)
John Foster REED, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1522.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
John Foster Reed, Perry, pro se.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, John Reed, appeals the summary denial of his rule 3.850 motion alleging ineffective assistance of counsel. We reverse because the record does not conclusively refute his allegations.
Appellant was charged by amended information with committing his offense between March 31, 1996 and May 3, 1996. Appellant contends that he was incarcerated during that period, that he provided counsel with such information, and allegedly, instead of introducing such exculpatory information, counsel coerced him into entering a plea. A movant's allegations are accepted as true unless they are conclusively refuted by the record. Stancle v. State, 917 So.2d 911, 912 (Fla. 4th DCA 2005); Tompkins v. State, 872 So.2d 230, 238 (Fla.2003); Valle v. State, 705 So.2d 1331, 1333 (Fla.1997).
The state, in response, attached a Department of Corrections Offender Network printout and the circuit court clerk's docketing statement in an attempt to refute appellant's allegations. The docketing statement does not provide the date of appellant's release from incarceration in 1996; it provides only the date of his arrest for violation of probation and does not conclusively refute the allegations. Further, this court has held that a DOC Offender Network printout will not satisfy the requirements of Florida Rule of Criminal *1242 Procedure 3.850(d).[1]McIntyre v. State, 844 So.2d 679 (Fla. 4th DCA 2003). As such, the state has failed to conclusively refute appellant's allegations on the face of the record.
Therefore, this matter is reversed and remanded to the trial court for further attachment of portions of the record which conclusively refute appellant's allegations, or for an evidentiary hearing.
WARNER, POLEN and KLEIN, JJ., concur.
NOTES
[1] Rule 3.850(d), states in pertinent part: "If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order."