967 So.2d 410 (2007)
Derrick GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2834.
District Court of Appeal of Florida, Fourth District.
October 24, 2007.
Derrick Gibson, Bowling Green, pro se.
Bill McCollum, Attorney General, Tallahassee, and Julie D. Lindahl, Assistant Attorney General, West Palm Beach, for appellee.
*411 PER CURIAM.
Appellant, Derrick Gibson, appeals the trial court order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he challenged his sentencing as a prison releasee reoffender (PRR). He alleged that he did not qualify for that designation because he did not commit the strong arm robbery, for which he was convicted and sentenced in 1999, within three years of being released from a correctional facility as per section 775.082(9)(a)1, Florida Statutes. He claimed he was released from the prison term of his last conviction and then placed on control release in August 1990, and the court erroneously imposed PRR sentencing in this case based on his release from temporary detention in 1997.
In Gibson v. State, 944 So.2d 426 (Fla. 4th DCA 2006), this court earlier held that case law supported Gibson's challenge, citing Wencel v. State, 915 So.2d 1270 (Fla. 4th DCA 2005), and Brinson v. State, 851 So.2d 815 (Fla. 2d DCA 2003). We reversed the trial court's summary denial of his motion and remanded for the trial court to consider the claim and to consider, as part of the record on remand, the records of the Department of Corrections and Parole Release Commission.
On remand, the trial court summarily denied Gibson's motion once more, this time based on a state response which attached a document entitled "Inmate Movement Transfer History" showing Gibson's movement among state facilities, without reference to the case or circumstances, and a printout on the bottom half of the document showing Gibson's loss of gain time in 1989 for being an "absconder," and later in 1990, with the reason stated as "revoked." Also, the state attached a copy of a "Corrections Offender Network Department of Corrections" printout, showing Gibson's custody from March 20, 1997 to December 31, 1997, without reference to any case numbers.
The printout from the DOC offender network "does not constitute a portion of the files and record" in this case so as to satisfy rule 3.800. Cf. McIntyre v. State, 844 So.2d 679, 680 (Fla. 4th DCA 2003). Neither does the "Inmate Movement/Transfer History" offered by the state in its response filed below satisfy the rule. Nothing presented to the trial court to date has adequately refuted Gibson's claim that his last release was from temporary detention.
We reverse and remand for further proceedings. On remand, the trial court should grant relief if it cannot locate record evidence to refute Gibson's claim.
Reversed and remanded.
STONE, GROSS and MAY, JJ., concur.