PER CURIAM.
The appellant was convicted of robbery and sentenced to 15 years as a prison releasee reoffender (PRR). Following this Anders[1] appeal, we affirm the appellant’s conviction, but reverse and remand for resentencing.
The appellant argues that he should be resentenced without the PRR designation. He alleges that the State’s document used to support the PRR sentence shows that he was released from prison over three years before the underlying robbery was committed. See § 775.082(9)(a)l, Florida Statutes (a PRR designation requires that the defendant commit or attempt to commit certain enumerated felonies “within 3 years after being released from a state correctional facility operated by the Department of Corrections....”). The record on appeal suggests that the date relied upon by the State in seeking the PRR designation was not the date the appellant was released from prison, but rather from tem *417 porary confinement, which will not support a PRR sentence. See e.g., Brinson v. State, 851 So.2d 815, 816 (Fla. 2d DCA 2003). Accordingly, we remand for further consideration of the matter.
We also strike portions of the judgment for fines, costs, fees, and surcharges. The trial court orally pronounced “costs and fines” of $1522.50 without delineating the specific costs and fines included in this amount. The written judgment and sentence included a discretionary fine of $1050 pursuant to section 775.083, Florida Statutes, and an associated five-percent surcharge[2] pursuant to section 938.04, Florida Statutes. As the fine was discretionary, it was error of the trial court to impose the fine without specifically pronouncing it at sentencing. Because the fine was erroneously imposed, the surcharge under section 938.04, which is based on the amount of the fine, must also be reversed.[3] See Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012). We also strike the $100 indigent legal assistance lien imposed pursuant to section 938.29, Florida Statutes, as the appellant was not provided with notice or advised of his right to contest this amount. See McCarthan v. State, 91 So.3d 268, 269 (Fla. 1st DCA 2012). On remand, the trial court may reimpose the stricken fine, surcharge, and fee after giving the appellant notice and following the proper procedure. See Kirkland v. State, 106 So.3d 4 (Fla. 1st DCA 2013) (indigent legal assistance fee); Nix, 84 So.3d at 426 (discretionary fines and surcharges).
We further instruct the court on remand to correct the scrivener’s error in the Criminal Punishment Code score sheet reflecting that the appellant entered a plea; the document should reflect that he was found guilty by jury verdict. See Drayton v. State, 89 So.3d 287 (Fla. 1st DCA 2012).
AFFIRMED in part, REVERSED in part, and REMANDED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The appellant also raised the issues in a Florida Rule of Criminal Procedure 3.800(b)(2) motion that was not ruled on below and is deemed denied. Pursuant to State v. Causey, 503 So.2d 321 (Fla.1987), the State was given the opportunity to respond and conceded to the case being reversed and remanded for a new sentencing hearing.

. The judgment and sentence contains a scrivener’s error listing the five-percent surcharge as $420 when it should have been $52.50.

. Previously, the $20 assessment for the Crime Stoppers Trust Fund imposed pursuant to section 938.06, Florida Statutes, would have been stricken as well. However, effective July 1, 2010, section 938.06 was amended to provide, that the $20 assessment for the Crime Stoppers Trust Fund is a mandatory cost rather than an additional surcharge on any fine imposed. See Spear v. State, 109 So.3d 232 (Fla. 1st DCA Jan.16, 2013) (en banc). As the amendment took effect before the date of the appellant's offense, the $20 cost should not be stricken.