PER CURIAM.
Genard Chestnut appeals his judgment and sentence for attempted second-degree murder and possession of a firearm by a convicted felon (Case No. 1D13-1207) and the revocation of his probation based upon these new law violations (Case No. 1D13-1208). We previously consolidated these cases for briefing and we now consolidate them for disposition.
Chestnut’s appointed appellate counsel filed an Anders[1] brief asserting that she is unable to make a good faith argument that fundamental or reversible error occurred in the trial court, except for two minor sentencing errors that were raised in rule *194 3.800(b)(2) motions but were not corrected by the trial court: (1) the imposition of the $100 indigent legal assistance lien under section 938.29, Florida Statutes (2009), in the new law violation case without giving Chestnut the opportunity to contest the lien; and (2) the failure to enter a written probation revocation order. Chestnut filed a pro se brief raising eight issues.[2]
After reviewing the issues raised by Chestnut and completing our independent review of the record, we issued an order directing the State to show cause why we should not remand for correction of the sentencing errors raised in the Anders brief. Cf. State v. Causey, 503 So.2d 321, 323 (Fla.1987). Having fully considered the arguments in the State’s response to the show cause order, we remand for correction of the sentencing errors raised in the Anders brief. Specifically, in Case No. 1D13-1207, we remand for the trial court to either strike the $100 indigent legal assistance lien or to give Chestnut an opportunity to contest the lien, see Sharpe v. State, 115 So.3d 1021, 1022 (Fla. 1st DCA 2013), Colson v. State, 114 So.3d 415, 417 (Fla. 1st DCA 2013), and Youman v. State, 112 So.3d 693, 694 (Fla. 1st DCA 2013); and, in Case No. 1D13-1208, we remand for entry of a written probation revocation order, see Dunklin v. State, 135 So.3d 349, 349 (Fla. 1st DCA 2013). In all other respects, we affirm the judgment and sentence and the revocation of Chestnut’s probation.
AFFIRMED and REMANDED with directions.
BENTON, WETHERELL, and MARSTILLER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991).

. Chestnut argued that the trial court erred by: (1) refusing to hold Nelson hearings each time one was requested and by failing to transcribe the hearing on June 30, 2011; (2) admitting "illegal cell phone” evidence; (3) not allowing the use of a police report to impeach a witness; (4) not allowing witness Jessica Daley to be impeached; and (5) giving incorrect jury instructions because a juror was not allowed to ask a question. Chestnut also argued that his appointed trial counsel was ineffective for: (6) failing to object to witness Mary Ash's testimony when she identified the "shooter” as "Jungo;” (7) failing to file a motion to suppress the photographic line-up that was conducted in a suggestive manner; and (8) refusing to present exculpatory evidence. We find no merit in any of these arguments.