ON MOTION FOR REHEARING
PER CURIAM.
We deny Appellant’s motion for rehearing, but withdraw our prior opinion and substitute this opinion in its place.
Adrian Smith appeals the summary denial of his rule 3.800(a) motion in which he claimed that his prison releasee reoffender (PRR) designation is illegal because the February 2006 offense for which he was designated a PRR was committed more than three years after he was released from prison on conditional release in May 2002. We issued a Toler[1] order, and in response, the State conceded that that the case should be remanded for the trial court to attach records refuting Smith’s claim. We decline to accept the State’s concession because, upon review of the supplement to the record filed after the State filed its response to the Toler order, we conclude that the record refutes Smith’s claim that his PRR designation is illegal.
The record shows that, although Smith was originally released ft’om prison on conditional release in May 2002, he was returned to prison in January 2003 after he violated the terms of his conditional release and the Parole Commission issued an order revoking his conditional release. Smith was again released on conditional release in December 2003, and because he committed his current offense within three years of that date, his PRR designation is legal. See Williams v. State, 994 So.2d 337, 340 (Fla. 3d DCA 2008); Smith v. Moore, 782 So.2d 955, 956-57 (Fla. 1st DCA 2001).
Smith’s reliance on Brinson v. State, 851 So.2d 815 (Fla. 2nd DCA 2003), is misplaced. The defendant in that case filed a postconviction motion challenging his PRR designation for an October 1997 offense. Id. at 816. He claimed that the designation was illegal because the offense was committed more than three years after his August 1994 release from prison on conditional release. Id. The trial court summarily denied the motion because the record reflected that, after his initial release, the defendant was taken back into custody for a violation of the terms of his conditional release and then released in March 1995 while awaiting action of the Parole Commission. Id. On appeal, the court held that the trial court erred in using the March 1995 release date in determining the legality of the defendant’s PRR designation because “the word ‘release’ [in the PRR statute] means actual release from a state prison sentence, not release from a temporary confinement that happens to be in state prison.” Id.; accord Colson v. State, 114 So.3d 415, 416-17 (Fla. 1st DCA 2013) (reversing PRR sentence based upon Brinson because “the date relied on by the State in seeking the PRR designation was not the date the appellant was released from prison, but rather from temporary confinement”). The distinction between this case and Brinson is that Smith’s release in December 2003 was not from a “temporary detention ... while awaiting action of the Parole Commission”; it was from a detention that had ripened into reimprisonment by virtue of the revocation of Smith’s conditional release by the Parole Commission. See Cassista v. State, 57 So.3d 265, 267 (Fla. 5th DCA 2011) (“Unless those [temporary] detentions ‘ripen’ into reimprisonment, they are excluded from consideration for PRR purposes.”).
*46 Accordingly, for the reasons stated above, the trial court correctly denied Smith’s rule 3.800(a) motion.
AFFIRMED.
VAN NORTWICK, WETHERELL, and MAEAR, JJ., concur.

. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).