PER CURIAM.
Kern Davis appeals the denial of a rule 3.800(a) motion. Davis argues that he does not qualify for habitual violent felony offender sentencing (HVFO) because the Eleventh. Circuit vacated the only prior conviction that qualified him as an HVFO. The State does not dispute the authenticity of the order vacating the prior robbery conviction. The trial court could take judicial notice of the order in ruling on the rule 3.800(a) motion. Wencel v. State, 915 So.2d 1270 (Fla. 4th DCA 2005). Alternatively, this could have been treated as a rule 3.850 motion because it was filed within two years - of the order vacating the prior robbery conviction. The State does not dispute that this was the only offense qualifying him for HVFO sentencing. Because he does not have another enumerated predicate offense, the sentence is illegal. See Bover v. State, 797 So.2d 1246 (Fla.2001). The order denying Davis’s rule 3.800(a) motion is reversed and the case is remanded for resentencing. Although he does not qualify as an HVFO, he may qualify as a habitual felony offender and those sanctions may be sought on remand.

Reversed and Remanded.

TAYLOR, MAY and KLINGENSMITH, JJ., concur.