IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIE VANDYKE WILSON,
JR,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D14-586

v.

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed June 9, 2015.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Nancy A. Daniels, Public Defender, and Joanna A. Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Tallahassee, for Appellee.

PER CURIAM.

     We affirm, without discussion, Appellant's convictions and sentences for

possession of a controlled substance; resisting a law enforcement officer without

violence; and driving while license is cancelled, suspended or revoked – second

conviction. However, we conclude, and the State properly concedes, the trial court erred by imposing a Public Defender lien of $150 without providing Appellant an opportunity to contest it. *See* §938.29(5), Fla. Stat.; Fla. R. Crim. P. 3.720(d)(1) ("Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence."); *see also Vaughn v. State*, 65 So. 3d 138, 139 (Fla. 1st DCA 2011) ("[T]he State properly concedes that the Public Defender lien fee should be stricken because the trial court did not advise [the defendant] of his right to a hearing to contest the amount of the fees."). We therefore remand for the trial court to either strike the $150 Public Defender lien or give Appellant the opportunity to contest the amount of the lien. *See Chestnut v. State*, 145 So. 3d 193, 194 (Fla. 1st DCA 2014).

AFFIRMED; REMANDED with directions.


THOMAS, MARSTILLER, and BILBREY, JJ., CONCUR.