[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12242
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00117-MW-GRJ

DERRICK L. GIBSON, SR.,

Plaintiff-Appellant,

versus

JOHN DOE,
Chief of Bureau of Central Records for Years 2005-2010
in his/her individual capacity,
SECRETARY, DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 22, 2015)

Before TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Derrick Gibson, Sr., proceeding pro se, appeals the district court's dismissal of his first amended complaint, filed pursuant to 42 U.S.C. § 1983, against "John Doe, Chief of Bureau of Central Records," in the Chief's individual capacity ("Records Custodian").[1]  Briefly stated, Gibson seeks damages and complains that the Records Custodian's failure to produce certain evidence during Gibson's post-conviction proceedings violated Gibson's constitutional rights.[2]  Gibson also challenges the district court's denial of leave to file a second amended complaint. No reversible error has been shown; we affirm.

This action arises out of Gibson's challenge earlier to his 15-year Florida court sentence for robbery.  In state court, Gibson filed a motion to correct illegal sentence, pursuant to Fla. R. Crim. P. 3.800(a).  Relying on intervening state case law,[3] Gibson argued that he should not have been sentenced under Florida's

---

[1] Gibson has abandoned expressly his claim against Michael Crews, in his official capacity, as barred by the Eleventh Amendment.

[2] Gibson's complaint also included a state law claim for negligence.  On appeal, Gibson raises no challenge to the district court's refusal to exercise supplemental jurisdiction over his state law claim or to the district court's dismissal of his state law claim.  These arguments are abandoned. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

[3] In Brinson v. State, 851 So. 2d 815 (Fla. Ct. App. 2003), the state court concluded that the term "release," as used in Florida's PRR statute, means "actual release from a state prison sentence,

2

prisoner releasee reoffender ("PRR") statute, Fla. Stat. § 775.082; he stressed his 1999 robbery offense was committed more than three years after he was last "released from a state correctional facility," within the meaning of the PRR statute. Gibson contended the 1997 release date used by the trial court was from a temporary detention pending a ruling on Gibson's alleged parole violation and, thus, was no valid release date for purposes of PRR sentencing.

The state trial court denied summarily Gibson's motion, in the light of records provided by the Department of Correction's Bureau of Central Records ("Bureau").  The state appellate court reversed and remanded, concluding that the Bureau's records -- which showed only that Gibson's last release date was in 1997 -- failed to address Gibson's contention that his 1997 release was only from a temporary detention.  On remand, the state trial court again denied Gibson's motion based on additional documents provided by the Bureau.  The state appellate court reversed and remanded again.  The trial court conducted an evidentiary hearing and again denied Gibson's motion.  The state appellate court reversed and remanded a third time, concluding that the state failed to refute Gibson's claim that his 1997 release was from a temporary detention and, thus, was no valid release

---

not release from a temporary confinement that happens to be in state prison," such as a temporary detention pending resolution of a parole violation charge.  See also Wencel v. State, 915 So. 2d 1270 (Fla. Ct. App. 2005) (instructing the trial court -- when determining whether a defendant was sentenced properly under the PRR statute -- to take judicial notice of the parole commission's order showing that defendant's controlled release had not been revoked).

3

date for purposes of PRR sentencing.  Then, Gibson was resentenced (as a non-PRR) to 21 months' imprisonment, was credited for time served, and was released immediately.

Gibson filed this civil action against the Chief of Bureau of Central Records, an action purporting to allege violations of the Eighth and Fourteenth Amendments.  The district court dismissed Gibson's first amended complaint for failure to state a claim and denied, as futile, Gibson's motion for leave to file a second amended complaint.

We review de novo a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).  "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).  Although we construe liberally pro se pleadings, pro se litigants must still conform to procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quotation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint containing only "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quotations and alterations omitted).

To avoid dismissal of his section 1983 claim, Gibson must allege facts demonstrating that he was deprived of a constitutional right by a person acting under color of state law. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Gibson must also allege facts demonstrating "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

In his first amended complaint, Gibson alleged that the unnamed Records Custodian acted with deliberate indifference by refusing to produce exculpatory evidence to the state attorney and by giving "momentum and impetus to the prosecution" to oppose Gibson's motion to correct an illegal sentence. Gibson provides no factual support for his conclusory allegations.

Among other things, never has Gibson identified "exculpatory evidence" that the Records Custodian allegedly concealed intentionally or otherwise failed to

5

produce.  Gibson has also alleged no facts demonstrating a causal connection between the Records Custodian's alleged acts and delay in Gibson's obtaining relief.

The record demonstrates that the state appellate court concluded repeatedly that the Bureau's records were insufficient to establish Gibson's PRR status.  Yet the state attorney continued to argue -- and the state trial court continued to rule -- that Gibson was unentitled to relief.  On this record, it appears that the delay in Gibson's resentencing was proximately caused by the state attorney's and the state trial court's continued misapplication of the PRR statute, not by the Records Custodian's alleged failure to produce some evidence.  Because Gibson failed to state a claim for relief that was plausible on its face, Gibson's first amended complaint was dismissed properly.

The district court also committed no error in denying Gibson's motion for leave to file a second amended complaint.  We review the district court's denial of a motion to amend a complaint for abuse of discretion, but review de novo whether a proposed amendment would be futile.  Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010).

"Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given."  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quotations

and citations omitted).  But leave to amend may be denied properly when the proposed amendment would be futile.  Id. at 1262-63.  A proposed amendment is "futile" "when the complaint as amended is still subject to dismissal."  Id. at 1263.

In his proposed second amended complaint, Gibson first sought to replace the unnamed "John Doe" with two named former Chiefs of Bureau of Central Records, McKinnley Crockett and John McLaughlin.  Gibson alleges no facts supporting his conclusory allegations against Crockett or McLaughlin or establishing a causal connection between the two proposed defendants' alleged acts and the delay in Gibson's obtaining relief.  As a result, Gibson's claims against Crockett and McLaughlin are subject to dismissal for the same reasons that Gibson's claim against "John Doe" was dismissed.

Gibson also sought to add as defendants former Secretaries of the Florida Department of Corrections Walter McNeil and James McDonough, in their official capacities.  Gibson's claims against McNeil and McDonough are barred by the Eleventh Amendment.  See Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1512 (11th Cir. 1986) (the Eleventh Amendment bars "damages awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C. § 1983.").

Because Gibson's proposed second amended complaint was subject to

dismissal, the district court committed no error in denying Gibson leave to amend.

See Hall, 367 F.3d at 1263.

AFFIRMED.