# Supreme Court of Florida

No. SC2023-0719

**GERNARD D. CHESTNUT,**
Petitioner,

vs.

**RICKY D. DIXON, etc.,**
Respondents.

October 26, 2023

PER CURIAM.

Gernard Chestnut, an inmate in state custody, filed a pro se petition for writ of habeas corpus challenging his conviction.[1] We denied the petition, retained jurisdiction, and directed Chestnut to show cause why he should not be sanctioned for his repeated misuse of our limited resources. *Chestnut v. Dixon*, No. SC2023-0719, 2023 WL 4990924 (Fla. Aug. 4, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Chestnut responded to our show cause order. We now find that Chestnut has failed to show

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

cause why he should not be barred, and we sanction him as set forth below.

Chestnut was convicted in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, of attempted second-degree murder and possession of a firearm by a convicted felon in case number 372010CF000410AXXXXX. He was sentenced by the circuit court to life in prison on the second-degree murder count and to 15 years' imprisonment on the possession of a firearm by a convicted felon count. The First District Court of Appeal affirmed his convictions and sentences on August 14, 2014. *Chestnut v. State*, 145 So. 3d 193 (Fla. 1st DCA 2014).

Since 2011, Chestnut has engaged in a pattern of vexatious filing of meritless pro se requests for relief in this Court related to his convictions and sentences. Including the petition in this case,

Chestnut has filed 31[2] pro se petitions with this Court.[3] The Court has never granted Chestnut the relief sought in any of his filings here; each of the petitions was transferred, dismissed, or denied.[4]

His petition in this case is no different. Chestnut argued that his conviction was unlawful because the jury was incorrectly instructed and he believed he was entitled to relief under *Montgomery v. State*, 39 So. 3d 252 (Fla. 2010). He complained that the district court denied his *Montgomery* claim and dismissed his petition under *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). These are the same arguments Chestnut raised in *Chestnut v. Dixon*, No. SC2022-1391, 2023 WL 141953 (Fla. Jan. 10, 2023). Because this

2. Days before the Court issued the show cause order in this case, Chestnut filed two more petitions with this Court, case numbers SC2023-1083 and SC2023-1087, that were not included in the list of 29 cases in the show cause order but have since been dismissed.

3. *Chestnut v. Dixon*, No. SC2023-0719, 2023 WL 4990924 (Fla. Aug. 4, 2023).

4. Although Chestnut repeatedly cites to this Court's July 10, 2019, order in *Chestnut v. Inch*, No. SC2019-0657, 2019 WL 3026897 (Fla. July 10, 2019), as a basis for this Court finding a manifest injustice in his case, we transferred the case to the district court for consideration and specifically stated in the order that "[t]he transfer of this case should not be construed as an adjudication or comment on the merits of the petition . . . ."

Court had already considered these arguments and determined Chestnut was not entitled to relief and this Court generally follows a policy of denying extraordinary writ petitions that seek the same relief that the Court has previously addressed in prior petitions filed by the petitioner, the Court denied the petition under *Topps v. State*, 865 So. 2d 1253 (Fla. 2004), and directed Chestnut to show cause why he should not be barred from filing any further pro se requests for relief in this Court.

Chestnut filed a response to the show cause order in which he continues to challenge his conviction and assert his *Montgomery* claim, arguing that the district court improperly dismissed his case under *Baker*. In his response, he failed to express any remorse for his repeated misuse of this Court's limited resources nor acknowledge the frivolous nature of his repeated filings. Upon consideration of Chestnut's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Chestnut's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22

- 4 -

(Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Chestnut will continue to burden the Court's resources. We further conclude that Chestnut's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Gernard Chestnut related to case number 372010CF000410AXXXXX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Chestnut's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Chestnut is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Habeas Corpus

Gernard D. Chestnut, pro se, Raiford, Florida,

    for Petitioner

No appearance for Respondent