810 So.2d 511 (2001)
Jose JIMENEZ, Appellant,
v.
STATE of Florida, Appellee.
No. SC00-1436.
Supreme Court of Florida.
September 26, 2001.
Rehearing Denied December 17, 2001.
Louis Casuso, Miami, FL, for Appellant.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, Miami, FL, for Appellee.
PER CURIAM.
Jose Jimenez, a prisoner under sentence of death, appeals an order of the circuit court denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
In 1994, a jury found Jimenez guilty of first-degree murder and burglary of an *512 occupied dwelling with an assault and battery and unanimously recommended a sentence of death. On direct appeal, the conviction and sentence were affirmed based in part upon the following pertinent facts:
On October 2, 1992, Jimenez beat and stabbed to death sixty-three-year-old Phyllis Minas in her home. During the attack her neighbors heard her cry, "Oh God! Oh my God!" and tried to enter her apartment through the unlocked front door. Jimenez slammed the door shut, locked the locks on the door, and fled the apartment by exiting onto the bedroom balcony, crossing over to a neighbor's balcony and then dropping to the ground. Rescue workers arrived several minutes after Jimenez inflicted the wounds, and Minas was still alive. After changing his clothes and cleaning himself up, Jimenez spoke to neighbors in the hallway and asked one of them if he could use her telephone to call a cab.
Jimenez v. State, 703 So.2d 437, 438 (Fla. 1997).
At the time of the murder, section 810.02(1), Florida Statutes (1991), defined burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." On direct appeal Jimenez argued that the burglary was not proven because there was no proof of forced entry or that Minas refused entry or that she demanded that he leave the apartment. We held that "[n]either forced entry nor entry without consent are requisite elements of the burglary statute" and that circumstantial proof could establish that the occupant withdrew his or her consent. Jimenez, 703 So.2d at 441. In affirming Jimenez's convictions and sentences, we concluded that the trier of fact could reasonably have found beyond a reasonable doubt that Minas withdrew consent for Jimenez to remain in her home when he brutally beat and stabbed her numerous times. Id.
In Delgado v. State, 776 So.2d 233, 240 (Fla.2000), this Court receded from Jimenez and held:
In section 775.021(1), Florida Statutes (1997), the Legislature mandated that courts use the following rule of construction:
The provisions of this [criminal] code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
Applying this principle to the present case, the most favorable interpretation of Florida's burglary statute is to hold that the "remaining in" language applies only in situations where the remaining in was done surreptitiously. This interpretation is consistent with the original intention of the burglary statute. In the context of an occupied dwelling, burglary was not intended to cover the situation where an invited guest turns criminal or violent. Rather, burglary was intended to criminalize the conduct of a suspect who terrorizes, shocks, or surprises the unknowing occupant.
Immediately after the release of this Court's opinion in Delgado, Jimenez filed an amended 3.850 motion for postconviction relief, presenting the issue of whether Delgado should apply retroactively. The circuit court denied 3.850 relief and Jimenez appealed.
We determine that Jimenez is not entitled to relief. His convictions were final prior to the release of our opinion in Delgado. Retroactivity is therefore determined by the criteria set forth in Witt v. State, 387 So.2d 922 (Fla.1980). In order for Delgado to have retroactive application, *513 it must: (1) emanate either from this Court or the United States Supreme Court; (2) be constitutional in nature; and (3) have fundamental significance. Id. at 929-30. We have determined that Delgado does not meet the second or third prongs of the Witt test; hence it is not subject to retroactive application. See Delgado, 776 So.2d at 241. Moreover, in its most recent session, the Legislature declared that Delgado was decided contrary to legislative intent and that this Court's interpretation of the burglary statute in Jimenez's direct appeal was in harmony with legislative intent. Ch.2001-58, § 1, 2001 Fla. Sess. Law Serv. 282, 283 (West).
Based on the foregoing, we affirm the decision of the circuit court denying Jimenez's rule 3.850 motion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
LEWIS, J., concurs in result only.