PER CURIAM.
We affirm the trial court’s denial of appellant’s sixth motion for postconviction relief which argued that the decision in Arizona v. Gant, — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), applies retroactively to his 1997 conviction. See Fla. R.Crim. P. 3.850(b)(2). This conviction became final when this court affirmed the judgment and sentence in 1998. Flowers v. State, 717 So.2d 1031 (Fla. 4th DCA 1998) (Table).
Applying the retroactivity analysis of Witt v. State, 387 So.2d 922 (Fla.1980), we hold that the decision in Gant is an evolutionary refinement in Fourth Amendment law and not a development of fundamental significance, a major constitutional change, or jurisprudential upheaval that requires retroactive application to cases on collateral review. See, e.g., Hughes v. State, 901 So.2d 837 (Fla.2005); Johnson v. State, 904 So.2d 400 (Fla.2005); Chandler v. Crosby, 916 So.2d 728 (Fla.2005); State v. Barnum, 921 So.2d 513 (Fla.2005).
Additionally, we note that, under the facts of this case, Gant would not have compelled a different result on appellant’s 1997 motion to suppress.

Affirmed.

STEVENSON, HAZOURI and CIKLIN, JJ., concur.