ORFINGER, J.
Keith Cassista appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. He alleges that the trial court improperly sentenced him as a Prison Releasee Reoffender (“PRR”) under section 775.082(9)(a)1., Florida Statutes (2006), because he had not been “released from a state correctional facility” within three years prior to the date that he committed the offense in the instant case. The trial court denied the motion, relying on Cassista’s agreement to a PRR sentence. We reverse with instructions to attach the records that refute Cassista’s claim or to hold an evidentiary hearing.
Cassista pled guilty to burglary of a dwelling and possession of a firearm by a convicted felon. Cassista was sentenced in accordance with a plea agreement, which provided that he would, among other things, serve fifteen years in prison as a PRR on the burglary charge. In his rule 3.850 motion, Cassista contends that his counsel was ineffective for failing to argue that he did not qualify as a PRR. In support, Cassista alleges that in May 1999, he was arrested for burglary of a dwelling, two counts of grand theft and two counts of burglary of a conveyance, and sentenced in May 2001, to thirty-six months in the Department of Corrections (DOC) followed by two years of probation. On August 19, 2003, he was released from DOC and began his probation, but absconded. In October 2005, he was sentenced for violating his probation to thirty-eight months in the DOC with forty-two months jail credit. He claims that he was transported from the St. Lucie County Jail to DOC, but was turned away because no commitment order was sent with him. On November 2, 2005, he was released from the St. Lucie County Jail, and on November 30, 2007, he committed the instant offenses. Cassista ar *267 gues that because he was effectively sentenced to time served in October 2005 and DOC refused to accept him, he was last released from a state correctional facility in August 2003, more than three years prior to the offenses at issue here.
Under rule 3.850, a defendant is entitled to an evidentiary hearing unless the record conclusively refutes the defendant’s claims. Harich v. State, 484 So.2d 1239, 1240 (Fla.1986). All well-pled allegations must be treated as true, unless rebutted conclusively by the record. Tompkins v. State, 872 So.2d 230, 238 (Fla.2003). Further, “an illegal sentence cannot be imposed even as part of a negotiated plea agreement.” Wheeler v. State, 864 So.2d 492, 492 (Fla. 5th DCA 2004).
To qualify as a PRR, the defendant must have committed or attempted to commit certain enumerated felonies “within 3 years after being released from a state correctional facility operated by the Department of Corrections .... ” § 775.082(9)(a)1., Fla. Stat. (2006) (emphasis added). Cassista contends that the word “release” in the statute does not include being released from a temporary confinement that happens to be in a state prison. Cassista finds support for his position in Brinson v. State, 851 So.2d 815 (Fla. 2d DCA 2003), where the court held that the word “release” can be “defined to mean only actual release from a State prison sentence” and not the physical release from a state prison facility. See also Girtman v. State, 617 So.2d 1168 (Fla. 5th DCA 1993) (holding that temporary custodial detention pending resolution by parole commission of parole violation charge did not constitute release from “other commitment” as used in habitual offender statute).
The plain language of the PRR statute requires the trial court to determine if Cassista was “released from a state correctional facility” within three years prior to committing the offense for which he was sentenced in this case. When a statute is clear and unambiguous, the courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. Koile v. State, 934 So.2d 1226, 1230-31 (Fla.2006). When the statute’s language conveys a clear and definite meaning, statutory interpretation is not used. Instead, the statute must be given its plain and obvious meaning. McKenzie Check Advance of Fla., LLC v. Betts, 928 So.2d 1204, 1208 (Fla.2006). And, when the language of a statute is susceptible of differing constructions, the language must be construed most favorably to the defendant. § 775.021(1), Fla. Stat. (2006); Thomas v. State, 741 So.2d 1246, 1246 (Fla. 2d DCA 1999).
In most cases, it is a simple matter to determine when an individual is released from a state correctional facility. However, offenders are sometimes only temporarily detained. Unless those detentions “ripen” into reimprisonment, they are excluded from consideration for PRR purposes. See Brinson, 851 So.2d 815; Girtman, 617 So.2d 1168. That is what Cassista alleges occurred here.[1]
Given the incomplete record before us, we cannot determine when Cassista was released from a state correctional fa *268 cility. Accordingly, we reverse the order denying Cassista’s rule 3.850 postconviction motion and remand the matter for further consideration. In the event that Cassista does not qualify as a PRR, the State should have the option of withdrawing from the plea agreement and taking him to trial on all of the original charges as the PRR designation was part of an agreed-upon plea. See Williams v. State, 650 So.2d 1054, 1055 (Fla. 1st DCA 1995); Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
SAWAYA and COHEN, JJ., concur.

. On occasion, an offender’s sentence expiration date might be relevant if for example, the offender, while committed to a state correctional facility, is temporarily transported to a hospital for treatment, or to a county jail to face unrelated charges. If that offender’s state prison sentence expires while he or she is temporarily residing in a hospital or county jail, we would have no difficulty in concluding that the offender was constructively in a state prison facility when his sentence expired for PRR purposes.