WARNER, J.
We affirm appellant’s conviction and sentence for robbery with a weapon. He claims fundamental error where the trial court failed to give an afterthought instruction, as the theft upon which the robbery was based occurred after the battery of the victim. See Perkins v. State, 814 So.2d 1177, 1179 (Fla. 4th DCA 2002). His defense at trial, however, was one of misidentification. Claiming that the theft was an afterthought was inconsistent with that defense. See Wright v. State, 705 So.2d 102, 104 (Fla. 4th DCA 1998) (“Inconsistencies in defenses are permitted so long as the proof of one does not necessarily disprove the other.”). Moreover, appellant never requested an afterthought instruction. Thus, it cannot be a fundamental error to fail to give an unrequested instruction inconsistent with his defense at trial.
As to appellant’s PRR sentence, we affirm based upon Louzon v. State, 78 So.3d 678 (Fla. 5th DCA 2012), the reasoning of which we adopt. Here, appellant qualified as a PRR, because he committed the present offense within three years after his release from a federal correctional facility. Appellant was still in federal cus *356 tody, even though housed in a Palm Beach County jail in order to perform substantial assistance. His release from federal custody while housed at the county jail still constitutes constructive release from a federal correctional facility for purposes of section 775.082(9)(a)(l) [1], Florida Statutes. As pointed out in Louzon,
To accept [the defendant’s] argument would place form over substance and would be inconsistent with the Legislature’s clear intent to provide for a greater sentence for individuals who commit a qualifying offense within three years of completion of a previously imposed prison sentence. To accept [his] argument would also mean that in order for the State to ensure that a defendant [in the defendant’s] situation was eligible for subsequent PRR sentencing, it would have to physically transfer an individual from jail to a Department of Corrections facility [or a federal correctional institution] — where the individual would then be entitled to an immediate release. Courts should not, construe a statute so as to achieve an absurd result.
78 So.3d at 681.

Affirmed.

GROSS and LEVINE, JJ., concur.

. Section 775.082(9)(a)(l), Florida Statutes (2010), provides that any defendant is a prison release reoffender who commits an enumerated felony (including robbery) "within 3 years after being released from a state correctional facility operated by the Department of Corrections ... or within 3 years after being released from a correctional institution of ... the United States, ... following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.”