IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN EMANUEL OSEI,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5828

Opinion filed September 20, 2017.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Caleb D. Rowland and William M. Blume of Blume and Rowland, PLLC,
Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant was convicted of possession of firearm by a convicted felon and

aggravated assault and was sentenced to a total of 35 years in prison with

consecutive mandatory minimum terms under the 10-20-Life statute. Appellant

did not challenge his sentences on direct appeal, case number 1D13-3414, and they became final on June 10, 2014, when the mandate issued that case.

In May 2016, Appellant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 in which he argued that he was entitled to a new sentencing hearing because contrary to the trial court's belief that it was required to impose the mandatory minimum terms consecutively, the Florida Supreme Court held in Williams v. State, 186 So. 3d 989, 993 (Fla. 2016), that consecutive mandatory minimum terms are "permissible but not mandatory" where multiple firearm offenses are committed contemporaneously and multiple victims are shot at. The trial court denied the motion, concluding that Williams does not apply retroactively. We agree with the trial court.

In Witt v. State, 387 So. 2d 922 (Fla. 1980), the Florida Supreme Court held that a change in the law does not apply retroactively "unless the change: (a) emanates from [the Florida Supreme Court] or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance." A decision must satisfy all three of these prongs before it can be applied retroactively to a case that was already final.

Williams satisfies the first prong of Witt because it was decided by the Florida Supreme Court. But, Williams does not satisfy the second prong of Witt because it only involved an issue of statutory interpretation, see Williams, 186 So.

2d at 991-95, and was not "constitutional in nature." Accordingly, <u>Williams</u> does not apply retroactively to cases such as Appellant's that were final when <u>Williams</u> was decided.

For these reasons, we affirm the order denying Appellant's motion for postconviction relief.

AFFIRMED.

ROBERTS, WETHERELL, and ROWE, JJ., CONCUR.