DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRED GRAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3527

[April 18, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case Nos. 14-11224CF10A and 14-12215CF10A.

Fred Gray, Quincy, pro se.

No appearance for appellee.

PER CURIAM.

Fred Gray appeals the trial court's order summarily denying his Rule 3.850 motion for postconviction relief. Gray claims that he does not qualify for sentencing as a prison release reoffender (PRR) because the crime for which he received the PRR sentence was committed more than three years after he was released from prison. We affirm and write to certify conflict with *Lewars v. State*, 42 Fla. L. Weekly D1098 (Fla. 2d DCA May 12, 2017), *rev. granted*, 2017 WL 40022360 (Fla. Sept. 13, 2017).

Appellant pled no contest in two cases of burglary of a dwelling (as well as other charges), occurring on August 15 and 16, 2014. He was sentenced as a PRR for these crimes. He later moved pro se to correct an illegal sentence, which motion was denied. He then moved for postconviction relief, contending that he did not qualify as a PRR. The trial court denied relief. In its order the court provided the following statement of facts:

> In the instant motion, Defendant alleges that his designation as a prison releasee reoffender is illegal because the burglaries in the instant cases were committed more than

three years after he was released from prison following his completion of two previous sentences for two other burglaries in case nos. 96-19656CF10A and 96-20930CF10A.

Section 775.082(9)(a)(1), Florida Statutes, provides that a defendant is defined as a "prison releasee reoffender" when he or she commits an enumerated felony (including burglary of a dwelling) "within 3 years after being released from a *state correctional facility operated by the Department of Corrections* . . . following incarceration for an offense for which the sentence is punishable by more than 1 year in this state." (Emphasis added.)

The record reveals that on February 1, 2011, Defendant received a conditional release from prison for case no. 96-19656CF10A, even though his sentence in case no. 96-20930CF10A was not fully served, and it is unclear why he was released. Nonetheless, on June 29, 2011, a warrant was issued against Defendant for a parole violation (for new offenses and arrests), and on August 17, 2011, he was reincarcerated (in the Broward County Jail) and resumed serving his sentence in case no. 96-20930CF10A. On March 5, 2012, Defendant completed his sentence in case no. 96-20930CF10A and was released (from the Broward County Jail). While the burglaries in the instant cases, committed on August 15-16, 2014, occurred less than three years from the date of his release on March 5, 2012, Defendant argues that because he was incarcerated *in the Broward County Jail* from August 17, 2011, through March 5, 2012, and was never transferred back to a state prison, this portion of his incarceration was not in a "state facility operated by the Department of Corrections" pursuant to section 775.082(9)(a)(1), Florida Statutes; as such, he argues that his previous release date of February 1, 2011, which is more than three years before he committed the burglaries in the instant cases, should control, and, if the date of February 1, 2011, controls, he would *not* qualify as a prison releasee reoffender.

(Emphasis in original, footnote omitted).

The trial court denied relief based on *Taylor v. State*, 114 So. 3d 355, 355-56 (Fla. 4th DCA 2013), in which this court held that a defendant's release from federal custody while in county jail to perform substantial assistance constitutes constructive release from a federal correctional

facility for purposes of the PRR statute, adopting the reasoning of *Louzon v. State*, 78 So. 3d 678, 680-81 (Fla. 5th DCA 2012).

We affirm the denial of relief and hold that appellant was constructively released from state custody when he was released from the Broward County Jail. We continue to adhere to *Taylor*. *See also State v. Wright*, 180 So. 3d 1043, 1045 (Fla. 1st DCA 2015) (finding that a defendant's release from county jail constituted constructive release from the Department of Corrections' custody for purposes of PRR sentencing).

We recognize that in *Lewars*, the Second District held that the PRR statute, section 775.082(9)(a)(1), Florida Statutes, does not allow for constructive release and requires release from a Department of Corrections facility, not a county jail, to be within three years of the qualifying PRR offense. 42 Fla. L. Weekly D1098 at *2. Therefore, under *Lewars*, appellant could not be sentenced as a PRR.

We affirm and certify conflict with *Lewars*, noting that the supreme court has accepted jurisdiction to resolve this issue.

*Affirmed.*

WARNER, CONNER and KUNTZ, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**