# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3275

_____

GARFIELD PLUMMER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce R. Anderson, Jr., Judge.

May 3, 2018

BILBREY, J.

Appellant, Garfield Plummer, appeals the denial of his motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Appellant seeks relief for two consecutively-imposed mandatory minimum sentences. The State initially conceded error but then filed supplemental authority which we analyze below. We find the initial concession of error to be correct, and therefore reverse and remand for resentencing.

Appellant entered an open plea to the information which charged him with actual possession of a firearm by a convicted felon and armed robbery of two different victims, all during one criminal episode. The information did not allege that Appellant

discharged the firearm. *See Bienaime v. State*, 213 So. 3d 927, 929 (Fla. 4th DCA 2017) (requiring the State "to allege grounds for enhancement in the charging document" in order to pursue "an enhanced mandatory sentence" under the 10-20-Life statutes). The court accepted Appellant's open plea and applied section 775.087(2), Florida Statutes (2010), part of the 10-20-Life law which imposes mandatory minimum sentences.

For possession of a firearm by a convicted felon, the trial court sentenced Appellant to five years' imprisonment, with three years' mandatory minimum. For the armed robberies, the court imposed two terms of ten years' imprisonment, with ten years' mandatory minimum. The court imposed the robbery sentences concurrently to each other, but consecutively imposed the sentence for the firearm possession. Thus, the three-year mandatory minimum sentence was consecutive to the ten-year mandatory minimum sentences.

Because Appellant did not take a direct appeal, his convictions became final on September 24, 2010. As explained in *Lanham v. State*, 60 So. 3d 532 (Fla. 1st DCA 2011), at the time Appellant was sentenced, the decisional law in this court was that consecutive mandatory minimum sentences were impermissible when a defendant displayed a firearm but did not discharge it while robbing multiple victims. *See also Perry v. State*, 973 So. 2d 1289 (Fla. 4th DCA 2008); *Irizarry v. State,* 946 So. 2d 555 (Fla. 5th DCA 2006) (prohibiting consecutive mandatory minimum sentences for the same criminal episode where the firearm was not discharged).[1]

In January 2012, Appellant filed a motion under rule 3.850, Florida Rules of Criminal Procedure. One of his claims was that counsel had acted ineffectively by failing to challenge the

---

[1] Since there was no conflict between district courts at the time Appellant was sentenced, *Perry* and *Irizarry* were binding on the trial court. *See Miller v. State*, 980 So. 2d 1092 (Fla. 2d DCA 2008) (holding that in absence of a conflict between districts, the majority opinion of a district court is binding on all Florida trial courts).

consecutive mandatory minimum sentences. While the motion was pending in the trial court, this court receded from *Lanham* in *Walton v. State*, 106 So. 3d 522 (Fla. 1st DCA 2013) (en banc) (*Walton I*). In *Walton I*, we concluded that section 775.087(2) required the imposition of consecutive mandatory minimum sentences, even without the discharge of a firearm. Consequently, the trial court denied Appellant's rule 3.850 motion, and we affirmed the denial on appeal. *See Plummer v. State*, 150 So. 3d 1139 (Fla. 1st DCA 2014).

Thereafter, in *Williams v. State*, 186 So. 3d 989 (Fla. 2016), the supreme court explained that where offenses arise in the same criminal episode and the firearm is possessed but not discharged, mandatory minimum sentences should not be consecutively imposed. *Williams* did allow trial courts to exercise discretion in imposing either concurrent or consecutive sentences where, unlike here, a firearm was discharged.

After its decision in *Williams*, the Florida Supreme Court quashed this court's *Walton I* decision in *Walton v. State*, 208 So. 3d 60 (Fla. 2016) (*Walton II*). In *Walton II*, the court noted its opinion in *Williams*, where it stated that a consecutive mandatory minimum sentence under section 775.087(2) "'is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged.'" *Walton II*, 208 So. 3d at 64 (quoting *Williams*, 186 So. 3d at 993). *See also Gartman v. State*, 197 So. 3d 1181 (Fla. 1st DCA 2016) (reversing, based on *Williams*, consecutive mandatory minimum sentences for armed robbery and possession of a firearm by a convicted felon where no discharge of the firearm occurred).

Within days of the issuance of *Williams,* Appellant filed his rule 3.800(a) motion asserting that the consecutive mandatory minimum sentences he received were illegal. In June 2017, the trial court determined that *Williams* controlled the issue. The trial court then conducted a retroactivity analysis, concluded *Williams* did not apply retroactively, and denied Appellant's rule

3

3.800(a) the motion. The court did not consider *Walton II* in its analysis.[2]

Appellant then brought this appeal. After first conceding error, the State then filed *Osei v. State*, 226 So. 3d 1077 (Fla. 1st DCA 2017), as supplemental authority. In *Osei,* we concluded that *Williams* did not apply retroactively to cases that were final when *Williams* was decided. Accordingly, we affirmed the denial of the postconviction relief under rule 3.850. However, *Osei* is distinguishable because it involved the discharge of a firearm.[3]

Under *Williams,* consecutive mandatory minimum sentences are permissible, but not required if there is a discharge of a firearm. Therefore, a consecutive sentence for someone who discharged a firearm is not an illegal sentence. *See Carter v. State*, 786 So. 2d 1173, 1178 (Fla. 2001) (quoting *Blakley v. State*, 746 So. 2d 1182, 1186-87 (Fla. 4th DCA 1999)) ("To be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of circumstances."). Because of the discharge of a firearm in *Osei*, the consecutive mandatory minimum sentences could legally be imposed within the sound discretion of the trial court.

---

[2] *Walton II* quashed *Walton I* restoring the status of the caselaw in the First District as set forth in *Lanham*.

[3] The *Osei* opinion does not directly state it involved the discharge of a firearm, but that can be discerned from the 35 years' total sentence Osei received for the two offenses — twenty years' imprisonment mandatory minimum for aggravated assault, which was then a qualifying offense, and fifteen years' imprisonment, with three years' mandatory minimum, for possession of a firearm by a convicted felon. *See* § 775.087(2)(a)(1)(f) & (r), Fla. Stat. (2012). Judicial notice of our records from Osei's cases before the court also shows that he discharged a firearm, unlike Appellant here. *See Scheffer v. State*, 893 So. 2d 698, 699 (Fla. 5th DCA 2005) ("This court can take judicial notice of its own records.").

Because no firearm was discharged by Appellant, *Osei* is not controlling. Rather, the result in this case is governed by *Walton II* and *Lanham* which afford Appellant relief. Appellant's sentence was illegal when the sentence issued in 2010, so the trial court erred when it applied a retroactivity analysis to *Williams.* No trial court could legally have imposed a consecutive mandatory minimum sentence as of 2010 as later explained by *Lanham.* We therefore reverse and remand for the trial court to impose concurrent mandatory minimum sentences. *See Walton II*; *Williams; Gartman.* As this is a ministerial act, Appellant need not be present. *See Lanham*, 60 So. 3d at 532.

REVERSED and REMANDED with directions.


B.L. THOMAS, C.J., and JAY, J., concur.


_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Garfield Plummer, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.

5