# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-929
_____

THOMAS E. KING,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

December 18, 2018

WINOKUR, J.

Thomas E. King appeals the denial of his second motion to correct illegal sentence. We find that the trial court did not err in denying it, and affirm.

A jury found King guilty of aggravated battery, a second-degree felony normally punishable by up to fifteen years in prison. § 775.082(3)(d), Fla. Stat. In his commission of aggravated battery, the jury specifically found that he possessed a firearm, discharged a firearm, and caused great bodily harm, which required a twenty-five year minimum sentence and authorized a life sentence. § 775.087(2)(a), Fla. Stat. The State did not reclassify the aggravated battery to a first-degree felony under section 775.087(1), Florida Statutes. The trial court sentenced King to

thirty years imprisonment, including a twenty-five year mandatory minimum sentence.

King filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), asserting that his sentence was illegal because his second-degree felony was not reclassified and he could not be sentenced in excess of the twenty-five year mandatory minimum. The trial court denied the motion, and we affirmed citing *Hatten v. State*, 152 So. 3d 849, 850 (Fla. 1st DCA 2014) ("*Hatten I*"), which held that sentences in excess of the mandatory minimums under the 10-20-Life statute did not require any additional statutory authority. *King v. State*, 215 So. 3d 1245 (Fla. 1st DCA 2016) (Table). Although we noted in the *King* opinion that *Hatten I* had been accepted for review by the Florida Supreme Court, King did not petition the supreme court for review of our decision. *Hatten I* was quashed by the supreme court, which held that any sentence in excess of the minimum mandatory must be supported by additional statutory authority. *Hatten v. State*, 203 So. 3d 142, 146 (Fla. 2016) ("*Hatten II*").

King then filed another Rule 3.800(a) motion, again contending that he could not be sentenced in excess of the twenty-five year mandatory minimum. King argued that our holding in *Kelly v. State*, 137 So. 3d 2, 5 (Fla. 1st DCA 2014),[1] did not comply with the language of the 10-20-Life statute. King never referenced his previous Rule 3.800(a) motion, or asserted that he was due relief based on our earlier opinion or *Hatten II*. When the trial court denied the motion as successive, King appealed.

If King is entitled to be resentenced under *Hatten II*, he did not make this argument to the trial court. Thus, the trial court did not err in denying his motion. *See, e.g., Martinez v. State*, 211 So. 3d 989, 992 (Fla. 2017) (holding that failure to argue a proper basis for relief in a Rule 3.800(a) motion does not permit relief on appeal).

Even if King made this argument, we would find that King is not entitled to relief. King's conviction was final before *Hatten II* was decided, so he is entitled to the benefit of that ruling only if

---

[1] Abrogated by *Hatten II*.

*Hatten II* is retroactive. The supreme court discussed retroactivity in *Mosley v. State*, 209 So. 3d 1248, 1276 (Fla. 2016), as follows:

> [A] change in the law does not apply retroactively "unless the change: (a) emanates from this Court or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance." . . . Put simply, balancing fairness versus finality is the essence of a *Witt* retroactivity analysis.

*Id.* (quoting *Witt v. State*, 387 So. 2d 922, 931 (Fla. 1980)).

*Hatten II*, while emanating from the Florida Supreme Court, was not "constitutional in nature," but decided which interpretation of a statute best effected legislative intent. Additionally, it was not fundamentally significant nor did it seriously affect the fairness of sentences; it held that a first-degree felony was punishable by life in prison (or any term of years) if the twenty-five year mandatory minimum sentence of the 10-20-life statute applied, so long as whatever sentence the trial court wished to impose was called a mandatory minimum sentence. *Hatten II,* 203 So. 3d at 146. *Hatten II* was not a significant development in this respect, since those entitled to resentencing under *Hatten II* could have the same sentences reimposed as a "mandatory minimum," which could actually lengthen their sentences by precluding gain-time. As such, King is not entitled to retroactive application of *Hatten II*. [2,3] Accordingly, the court did not err in denying King's motion.

---

[2] We do not decide whether the result here might have been different if King had sought supreme court review of our decision affirming the denial of his first Rule 3.800(a) motion. As it is, our decision in that case was final before *Hatten II* was decided.

[3] We make clear here that a defendant whose sentence is final before an opinion interpreting a relevant sentencing statute is issued may not receive the benefit of that opinion unless it is proved that the opinion requires retroactive application. A defendant may not simply argue that the new opinion renders his or her previously-imposed sentence "illegal," entitling the defendant to resentencing under Rule 3.800(a) (authorizing a

AFFIRMED.

BILBREY, J., concurs; RAY, J., concurs in result only.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Thomas E. King, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.

---

"motion to correct illegal sentence") unless it is demonstrated that the new opinion is retroactive. Rule 3.800(a) does not provide a substitute for retroactivity analysis. *See McCuiston v. State*, 534 So. 2d 1144, 1146 (Fla. 1988) (holding that a later construction of a statute, which would render particular sentences impermissible, does not entitle defendants to relief after their sentences became final unless the decision is deemed to apply retroactively). Generally, if the sentence was not illegal at the time it was imposed, the defendant is not entitled to relief under Rule 3.800(a) by virtue of a later-decided case. This is especially true where, as here, a binding opinion at the time of sentencing permitted the sentence.