Winsor, J.
Eddie Hester Jr. was convicted of several crimes, all stemming from two Walmart robberies. A jury found him guilty of armed robbery, false imprisonment, kidnapping with a firearm, and-in a separate case-another count of armed robbery. The court sentenced him to consecutive terms based on the 10/20/Life law. See § 775.087, Fla. Stat. Hester appealed in both cases, and this court affirmed without opinion in both cases. See Hester v. State , 136 So.3d 596 (Fla. 1st DCA 2014) (table).
Hester later filed a rule 3.800(a) motion, contending that consecutive minimum-mandatory sentences for certain of the counts were illegal because the offenses arose from a single criminal episode in which he did not fire a gun. See Williams v. State , 186 So.3d 989, 993 (Fla. 2016) (limiting availability of consecutive sentences under 10/20/Life statute). As Hester noted in his motion, the trial court imposed consecutive sentences based on this court's Walton v. State decision, 106 So.3d 522 (Fla. 1st DCA 2013) ( Walton I ), which the Florida Supreme Court later rejected, Walton v. State , 208 So.3d 60 (Fla. 2016) ( Walton II ). Hester was sentenced after Walton I but before Walton II , so the sentence was legal at the time it was imposed. When Hester failed to appeal, the sentence became final.
The question, then, is whether Walton II , on which Hester now relies, applies retroactively. In Osei v. State , this court held that Williams v. State did not *1086 apply retroactively because it involved statutory interpretation and was not "constitutional in nature." 226 So.3d 1077, 1078 (Fla. 1st DCA 2017) (evaluating retroactivity of Williams , 186 So.3d at 989 ); see also Jimenez v. State , 810 So.2d 511, 512-13 (Fla. 2001) (finding statutory-interpretation case not retroactive because it was not "constitutional in nature"). Because it was not retroactive, the new rule was not applicable to the postconviction proceeding at issue. Cf. Smith v. State , 598 So.2d 1063, 1066 n.5 (Fla. 1992) (noting that the court had "in numerous instances distinguished collateral cases from 'pipeline' cases, i.e., those not yet final at the time the law changed, applying the change in law retrospectively only to the pipeline cases"). For the same reasons Williams was not retroactive, Walton II is not retroactive. It, like Williams , was a statutory-interpretation case. Therefore, Hester is not entitled to postconviction relief based on Walton II .
We reach this conclusion even though Hester's motion was under rule 3.800(a), which allows correction of an illegal sentence "at any time," and even though the statute's meaning has never changed. When the Florida Supreme Court interprets a statute (as it did in Walton II ), it explains not just what the statute means now, but also what the statute has always meant. Cf. Rivers v. Roadway Exp., Inc. , 511 U.S. 298, 313 n.12, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) ("[W]hen this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law. ... [G]iven the structure of our judicial system, the [later] opinion finally decided what [the statutory provision] had always meant ...."). Thus, when Hester was sentenced, the statute already meant (for our purposes) what the Florida Supreme Court said it meant in Walton II several years later. Nonetheless, the same retroactivity analysis applies with rule 3.800(a) motions as in other postconviction proceedings. In Hughes v. State , for example, the Florida Supreme Court concluded Apprendi v. New Jersey did not apply retroactively. 901 So.2d 837, 838 (Fla. 2005) (evaluating Apprendi , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ). And it did so in a case where the underlying motion was filed pursuant to rule 3.800(a). Id. Similarly, in State v. Johnson , the supreme court approved a district court decision holding Blakely v. Washington did not apply retroactively. 122 So.3d 856, 857 (Fla. 2013) (evaluating Blakely , 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ); see also Johnson v. State , 18 So.3d 623, 624 (Fla. 1st DCA 2009) (noting case originated with a 3.800(a) motion). The Court explained that the lower court's contrary decision "could effectively open the floodgates for postconviction claims any time a court interprets a criminal statute or comments on its own decisional law." Johnson , 122 So.3d at 863.
More recently, this court has explained that "Rule 3.800(a) does not provide a substitute for retroactivity analysis." King v. State , 259 So.3d 317, 319 n.3 (Fla. 1st DCA 2018). Instead, "a defendant whose sentence is final before an opinion interpreting a relevant sentencing statute is issued may not receive the benefit of that opinion unless it is proved that the opinion requires retroactive application." Id. ; see also id. ("Generally, if the sentence was not illegal at the time it was imposed, the defendant is not entitled to relief under Rule 3.800(a) by virtue of a later-decided case. This is especially true where, as here, a binding opinion at the time of sentencing permitted the sentence.").
Hester's sentence was lawful when issued. The relevant change in law was not *1087 retroactive, so the trial court correctly denied Hester's 3.800(a) motion.
AFFIRMED .
Lewis and M.K. Thomas, JJ., concur.