# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3648

_____

ALBERT DELON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

April 22, 2019

PER CURIAM.

Appellant, Albert Delon, appeals the trial court's summary denial of five of the claims raised in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As Appellant contends, and as the State conceded in its response to our *Toler** order, the summary denial of Ground 1 was improper. *See McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002) (noting that to uphold the summary denial of a postconviction claim, the claim must either be facially invalid or conclusively refuted by the

---

* *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

record). As such, reversal and remand as to Ground 1 is warranted.

In Ground 1, Appellant alleged that trial counsel failed to investigate the validity of the State's notice of intent to classify him as a prison releasee reoffender ("PRR") based on a prior conviction for the sale or delivery of cocaine, which the State agreed to withdraw in exchange for Appellant's guilty plea. He also alleged that he would not have pled had he known that the State could not seek PRR sentencing. Although the trial court found that the record refuted the allegations based upon Appellant's prior conviction and sentence for that offense, Appellant was, as the trial court found, sentenced to six months in a county jail, not a state correctional facility operated by the Department of Corrections or a private vendor. *See* § 775.082(9)(a)1., Fla. Stat. (2010) (defining a PRR as a defendant who commits or attempts to commit certain offenses "within 3 years after being released from a state correctional facility operated by the Department of Corrections or a private vendor . . . following incarceration for an offense for which the sentence is punishable by more than 1 year in this state").

The Florida Supreme Court has held that "release from a state correctional facility operated by the Department of Corrections or a private vendor," as set forth in section 775.082(9)(a)1., "does not include release from a county jail." *State v. Lewars*, 259 So. 3d 793, 802 (Fla. 2018). "[C]ommission of a PRR-qualifying offense within three years of release from jail, rather than prison, does not satisfy the requirements of section 775.082(9)(a)1." *Id.* Although *Lewars* was issued after the proceedings below in this case, there was no question here as to whether Appellant was released from the Department of Corrections or from a county jail on his prior offense. *Cf. Taylor v. State*, 114 So. 3d 355, 355-56 (Fla. 4th DCA 2013) (holding that the appellant's release from federal custody while housed at a county jail qualified as constructive release from a correctional facility for purposes of PRR sentencing under section 775.082(9)(a)1.), *disapproved by Lewars*, 259 So. 3d at 796. Indeed, Appellant was sentenced to jail and released from jail, which clearly would not qualify under the PRR statute. *See Cassista v. State*, 57 So. 3d 265, 267 (Fla. 5th DCA 2011) ("In most cases, it is a simple matter to determine when an individual is released from

2

a state correctional facility.").  Based upon such, Ground 1 was not refuted by the record.

Accordingly, we reverse the order on appeal as to Ground 1 and remand for either an evidentiary hearing or attachment of some other portion of the record that conclusively refutes Appellant's claim.  We otherwise affirm.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

LEWIS, ROWE, and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Albert Delon, pro se, Appellant.

Ashley Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.

3