NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| ERIC WILSON, DOC #759993, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>STATE OF FLORIDA, )<br>)<br>Appellee. )<br>_____ ) | Case No. 2D17-3161 |

Opinion filed August 2, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Susan G. Barthle, Judge.

Eric Wilson, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa,
for Appellee.

PER CURIAM.

We have for consideration in this appeal the dismissal of three claims for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the

summary denial of a fourth.  We affirm the postconviction court's dismissal of three of

the claims without further comment.  We affirm the denial of relief to Mr. Wilson on the

claim he raised based on Lewars v. State, 42 Fla. L. Weekly D1098 (Fla. 2d DCA May

12, 2017), approved, 259 So. 3d 793 (Fla. 2018), which he claims entitles him to relief from his prison releasee reoffender (PRR) sentence and constitutes an exception to the two-year time limit for filing a claim under rule 3.850.  In so doing, we recognize that an illegal-sentence claim based on the Florida Supreme Court's holding in Lewars, 259 So. 3d 793, and the plain language of the PRR statute may be raised in a timely postconviction motion under rule 3.850 or, if it is apparent from the face of the record, in a motion pursuant to rule 3.800(a) at any time.  See, e.g., Delon v. State, 268 So. 3d 945, 946 (Fla. 1st DCA 2019) (reversing the summary denial of a Lewars-based claim brought pursuant to rule 3.850); Gray v. State, 268 So. 3d 173, 173 (Fla. 4th DCA 2019); Smith v. State, 151 So. 3d 44, 45 (Fla. 1st DCA 2014) (treating a claim related to the applicability of a PRR designation as one of illegal sentence under rule 3.800(a) and denying relief because it was refuted by the record).  But Mr. Wilson's claim is outside the regular two-year time limit for seeking relief under rule 3.850, and despite the recent release of the Florida Supreme Court's opinion in Lewars, an exception to the time limit does not exist here.  "Applying the retroactivity analysis of Witt v. State, 387 So. 2d 922 (Fla. 1980), we hold that the decision in [Lewars] is an evolutionary refinement in . . . law and not a development of fundamental significance, a major constitutional change, or jurisprudential upheaval that requires retroactive application to cases on collateral review."  See Flowers v. State, 54 So. 3d 1049, 1049 (Fla. 4th DCA 2011).  Based on the limited record presented to this court, we cannot tell whether the conditions of Mr. Wilson's release from his prior prison sentence for the purposes of a Lewars analysis can be determined from the face of the record.  Therefore, our affirmance is without prejudice to any right Mr. Wilson may have to seek relief pursuant to rule 3.800(a) provided that he can establish that the Florida Supreme Court's decision in Lewars

renders his sentence illegal when it was imposed and can satisfy the procedural

requirements of the rule.[1]

Affirmed.

VILLANTI, BLACK, and SALARIO, JJ., Concur.

---

[1]Because it is not before us in the current posture of this case, we need not reconcile how a Witt-style retroactively analysis might apply to a rule 3.800(a) claim of illegal sentence that can be raised at any time.  See Callaway v. State, 642 So. 2d 636, 641 (Fla. 2d DCA 1994) (discussing why a Witt analysis may not apply to a rule 3.800(a) claim).  But see King v. State, 259 So. 3d 317, 319 n.3 (Fla. 1st DCA 2018) (discussing why a retroactively analysis may still have a place in a rule 3.800(a) claim).