DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DUSTIN ALLAN WAYMAN SIMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1506

[November 27, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562014CF001321A.

Barbara Kibbey of Kibbey Wagner, Stuart, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Dustin Allan Wayman Sims appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant argues that his prison releasee reoffender ("PRR") sentences are illegal pursuant to *State v. Lewars*, 259 So. 3d 793 (Fla. 2018). Because we conclude that *Lewars* does not apply retroactively, we affirm.

**Background**

In 2015, a jury convicted Appellant of robbery with a deadly weapon, burglary of a structure with an assault while armed, burglary of a conveyance while armed, and grand theft. The court sentenced Appellant to five years in prison for the grand theft conviction, and life in prison as a PRR for the remaining offenses.

As the State concedes, Appellant committed the PRR qualifying offenses within three years of being released from *county jail*. Although the court sentenced Appellant to a "prison sentence" for the prior offense, Appellant

was never transported to the Department of Corrections or a state-run facility. Instead, Appellant was released from the county jail the same day he was sentenced due to the amount of jail time that he already had served.

Subsequently, the Florida Supreme Court held in *Lewars* that, under the prison releasee reoffender statute, "release from a state correctional facility operated by the Department of Corrections or a private vendor" does not include a county jail. *Id.* at 802. Therefore, the commission of a PRR-qualifying offense within three years of release from jail, rather than prison, does not satisfy the requirements of section 775.082(9)(a)1., Florida Statutes. *Id.*

Based on *Lewars*, Appellant filed a Rule 3.800(a) motion to correct illegal sentence. He argued that *Lewars* should be applied retroactively to vacate his prison releasee reoffender sentences.

The trial court denied the motion, ruling that Appellant is not entitled to relief based on *Lewars*. The trial court reasoned that *Lewars* was decided more than two years after Appellant's sentences became final, and the Florida Supreme Court has not held that *Lewars* applies retroactively.

## Analysis

We find no error with the trial court order. We have previously applied *Witt* retroactivity analysis[1] to Rule 3.800(a) claims. *See Thomas v. State*, 914 So. 2d 27 (Fla. 4th DCA 2005) (holding that *Blakely*[2] did not apply retroactively where defendant filed a Rule 3.800(a) motion, claiming his sentence was illegal under *Blakely*); *see also Cotto v. State*, 141 So. 3d 615 (Fla. 4th DCA 2014) (applying *Witt* analysis to a Rule 3.800(a) claim and holding that *Miller v. Alabama*[3] is a development of fundamental significance).

Applying *Witt* analysis here, we conclude that *Lewars* does not apply retroactively. First, the Florida Supreme Court has not held that *Lewars* applies retroactively. Additionally, we find persuasive the Second District's reasoning that *Lewars* "is an evolutionary refinement . . . law and not a

---

[1] Under *Witt*, a change of law will not be applied retroactively "unless the change: (a) emanates from [the Supreme Court of Florida] or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance." *Witt v. State*, 387 So. 2d 922, 931 (Fla. 1980).
[2] *Blakely v. Washington*, 542 U.S. 296 (2004).
[3] *Miller v. Alabama*, 567 U.S. 460 (2012).

development of fundamental significance, a major constitutional change, or jurisprudential upheaval that requires retroactive application to cases on collateral review." *Wilson v. State*, 44 Fla. L. Weekly D1992 (Fla. 2d DCA Aug. 2, 2019) (quoting *Flowers v. State*, 54 So. 3d 1049, 1049 (Fla. 4th DCA 2011)).

## Conclusion

We affirm the trial court's denial of Appellant's Rule 3.800(a) motion to correct illegal sentence and deny Appellant's request to certify a question for review by the Florida Supreme Court.

*Affirmed.*

MAY, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***