DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEFFREY LINDEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D2024-1544 and 4D2024-1721

[December 11, 2024]

Consolidated appeal of orders denying rule 3.800 motions from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 16000405CFAXMX, and from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case Nos. 50-2016-CF-003821-AXXX-MB and 50-2016-CF-005050-AXXX-MB.

Jeffrey Linden, Moore Haven, pro se.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the denial of Appellant's Florida Rule of Criminal Procedure 3.800(a) motions in these consolidated cases involving sentences in three lower tribunal case numbers. We write only to address Appellant's claim that his 15-year prison releasee reoffender ("PRR") sentences are illegal because he committed the offenses following release from jail, not prison. *See State v. Lewars*, 259 So. 3d 793, 802 (Fla. 2018) (holding that under the PRR statute, "'release from a state correctional facility operated by the Department of Corrections or a private vendor' . . . does not include release from a county jail").

Appellant's convictions and sentences in these cases became final in 2016 and 2017 after the time for filing a direct appeal expired. As we previously held, "[Appellant] is not entitled to retroactive application of *State v. Lewars*, 259 So. 3d 793 (Fla. 2018)." *Linden v. State*, 342 So. 3d 231, 232 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-0988, 2023 WL

3139985 (Fla. Apr. 28, 2023); *see also Linden v. State*, 346 So. 3d 629 (Fla. 4th DCA 2022).

In *Sims v. State*, 286 So. 3d 292, 293–94 (Fla. 4th DCA 2019), *rev. denied*, No. SC19-2065, 2020 WL 1899575 (Fla. Apr. 16, 2020), we affirmed the denial of a motion to correct illegal sentence and held that *Lewars* is not retroactive and does not provide any basis for postconviction relief. *See also Hutchins v. State*, 309 So. 3d 253 (Fla. 3d DCA 2020) (affirming with citation to *Sims*); *Herard v. State*, 306 So. 3d 398 (Fla. 5th DCA 2020) (same). *But see Crowell v. State*, 371 So. 3d 1002, 1003 (Fla. 5th DCA 2023) (Maciver, J., concurring) (disagreeing with district cases, including *Sims*, holding that *Lewars* does not apply retroactively).

We certify that this decision conflicts with *Hutchinson v. State*, 363 So. 3d 1126, 1128 (Fla. 2d DCA 2023), where the appellate court retroactively applied *Lewars* to a 2012 sentence and reversed the denial of a rule 3.800(a) motion. Specifically, *Hutchinson* held that, when an illegal sentence claim under *Lewars* is apparent from the face of the record, such claim can be raised at any time in a rule 3.800(a) motion. *Id.* In so concluding, the *Hutchinson* court relied on *Wilson v. State*, 279 So. 3d 756 (Fla. 2d DCA 2019), wherein it previously held that "a challenge to a prison releasee reoffender sentence based on the supreme court's opinion in *Lewars* and the plain language of section 775.082(9)(a)1[.] 'may be raised in a timely postconviction motion under rule 3.850 or, if it is apparent from the face of the record, in a motion pursuant to rule 3.800(a) at any time.'" *Id.* at 1128 (quoting *Wilson*, 279 So. 3d at 756).

We respectfully disagree. *Lewars* is not retroactive and cannot provide a basis for postconviction relief of any kind in cases where the PRR sentence became final before *Lewars* was decided. Retroactivity is determined by the criteria set forth in *Witt v. State*, 387 So. 2d 922 (Fla. 1980).[1] *See Sims*, 286 So. 3d at 293. As we explained in *Sims*, under the *Witt* analysis, which applies to rule 3.800(a) claims, *Lewars* does not apply retroactively for two reasons. *Id.* at 293–94. "First, the Florida Supreme Court has not held that *Lewars* applies retroactively." *Id.* Second, "*Lewars* is an evolutionary refinement . . . law and not a development of fundamental significance, a major constitutional change, or

---

[1] Under *Witt*, a change of law will not be applied retroactively "unless the change: (a) emanates from [the Supreme Court of Florida] or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance." *Witt*, 387 So. 2d at 931; *see also Osei v. State*, 226 So. 3d 1077, 1078 (Fla. 1st DCA 2017) ("A decision must satisfy all three of these prongs before it can be applied retroactively to a case that was already final.").

2

jurisprudential upheaval that requires retroactive application to cases on collateral review." *Id.* at 294 (citation and internal quotation marks omitted). Importantly, "[r]ule 3.800(a) does not provide a substitute for retroactivity analysis." *Hester v. State*, 267 So. 3d 1084, 1086 (Fla. 1st DCA 2019) (citation omitted).

In holding to the contrary, *Hutchinson* primarily relied on *Wilson.* Aside from the fact that *Wilson* involved a *Lewars* claim brought under a Florida Rule of Criminal Procedure 3.850 motion and not a rule 3.800(a) motion, the *Wilson* court expressly stated that "[b]ecause it is not before us in the current posture of this case, we need not reconcile how a *Witt*-style retroactively analysis might apply to a rule 3.800(a) claim of illegal sentence that can be raised at any time." *Wilson*, 279 So. 3d at 757 n.1. Instead, the *Wilson* court merely affirmed the denial of defendant's rule 3.850 motions "without prejudice to any right [defendant] may have to seek relief pursuant to rule 3.800(a) provided that he can establish that the Florida Supreme Court's decision in *Lewars* renders his sentence illegal when it was imposed and can satisfy the procedural requirements of the rule." *Id.* at 757.

Accordingly, we maintain our holding in *Sims* that *Lewars* cannot be applied retroactively to grant postconviction relief where the PRR sentence at issue was final before *Lewars* was decided.[2] We respectfully certify conflict with *Hutchinson*'s decision to the contrary.

*Affirmed. Conflict certified.*

WARNER, DAMOORGIAN and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We note that the legislature addressed the *Lewars* issue in 2019 when it amended section 775.082(9)(a)1., Florida Statutes, to provide for PRR sentencing when the defendant commits the qualifying offense within three years after being released from "a county detention facility following incarceration for an offense for which the sentence pronounced was a prison sentence." § 775.082(9)(a)1., Fla. Stat. (eff. Oct. 1, 2019).